# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC,<br><br>Plaintiff,<br>v.<br>STATE OF NEW JERSEY, *et al.*,<br><br>Defendants | Case No. 2:25-cv-01995-JXN-MAH<br><br>**[PROPOSED] ORDER TO SEAL**<br><br>Underlying Action: Case No. 2:20-cv-07663-JXN-MAH |

On this ___ day of _____, 2025, upon consideration of the Joint Motion to File Under Seal (the "Motion"), submitted on May 12, 2025, by Plaintiff Blueprint Capital Advisors, LLC, Blue Owl Capital Corporation, BlackRock, Inc., BlackRock Alternative Advisors, and Timothy Walsh, the Court makes the following findings of fact and conclusions of law.

1. Motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not available; (d) any prior order sealing the same materials in the pending action; and (e) the identity of any party or nonparty known to be objecting to the sealing request.

2. On April 14, 2025, Blueprint filed its Letter Brief In Further Support of Motion to Compel Doug Ostrover and Alan Kirshenbaum to Comply With Subpoenas. (Dkt. 21.) The letter was filed with redactions. The letter attached Exhibits A and B, which were filed under seal. (Dkts. 21-1, 21-2).

3.  On April 28, 2025, non-parties Doug Ostrover and Alan Kirshenbaum filed their Letter Opposition. (Dkt. 23.) The letter was filed under seal. The letter attached Exhibits I and II, which were also filed under seal. (Dkts. 23-1, 23-2.)

4.  On May 12, 2025, the parties filed their Joint Motion to File Under Seal. The accompanying Declarations of Lauren Tabaksblat and John D. Tortorella attached indexes (the "Indexes") describing the materials sought to be sealed from Blueprint's and Messrs. Ostrover's and Kirshenbaum's letters, respectively.

5.  Public disclosure of the sealed materials would cause serious injury to the producing parties – here, Blue Owl Capital Corporation, BlackRock, Timothy Walsh, and the State Defendants – by revealing to the public confidential and sensitive information that the parties have designated confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order entered by this Court. (Underlying Action Dkt. 241.)

6.  There is no less restrictive means for shielding this information. The parties' confidential information must be protected from disclosure in order to keep it confidential. The information is further protected by the Discovery Confidentiality Order entered by this Court. Additionally, the parties move to seal only those portions of the letters that reflect confidential information, with the remainder disclosed publicly on the public docket.

7.  As set forth in the Indexes, certain of the documents sought to be sealed are subject to a prior sealing order entered by Judge Andrew L. Carter, Jr. of the United States District Court for the Southern District of New York before this action was transferred to this Court.

8.  The parties are unaware of any party or nonparty objecting to the sealing request.

9. The parties have complied with the Discovery Confidentiality Order and Local Rule 5.3(c) by moving to seal the confidential information.

Accordingly, having considered these factual findings in light of the factors set forth for sealing in Local Civil Rule 5.3, it is ORDERED that:

    i. The Motion is GRANTED.

    ii. The materials set forth in the Indexes shall remain under seal until further order of this Court.

    **HON. MICHAEL A. HAMMER,**
    **U.S.M.J.**