# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC, | |
| Plaintiff, | Civil Action No. 25-01995 (JXN)(MAH) |
| v. | |
| STATE OF NEW JERSEY, *et al.*, | **MEMORANDUM AND ORDER** |
| Defendants. | |

**NEALS**, District Judge

Before the Court is Plaintiff Blueprint Capital Advisors, LLC's ("Plaintiff") appeal of Magistrate Judge Michael A. Hammer's ("Judge Hammer") Opinion and Order dated June 26, 2025 (ECF Nos. 26, 27)[1] denying Plaintiff's motion to compel non-parties to produce documents, pursuant to Local Civil Rule 72.1(c)(1). (ECF No. 28.) Defendants opposed the appeal[2] (ECF Nos. 31), and Plaintiff filed a reply in further support (ECF No. 35). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[3] 78 and Local Civil Rule 78.1. For the reasons set forth below, Judge Hammer's Opinion and Order are **AFFIRMED**, and Plaintiff's appeal is **DENIED**.

---

[1] *See Blueprint Cap. Advisors, LLC v. New Jersey*, No. 25-1995, 2025 WL 1766120 (D.N.J. June 26, 2025).

[2] Based upon Defendant's letter request (ECF No. 32), the Court accepts Defendant's ECF No. 31 as the operative opposition in lieu of ECF No. 30, based on a filing error.

[3] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history and recounts those facts necessary to this appeal.[4]

By way of an April 14, 2025 letter memorandum, Plaintiff moved to compel non-parties, Doug Ostrover ("Ostrover") and Alan Kirshenbaum ("Kirshenbaum") (with Ostrover, "Non-Parties"), to produce subpoenaed documents arguably relevant to their involvement with an alleged conspiracy between BlackRock, Inc., Blackrock Alternative Advisors (collectively, "BlackRock"), and the New Jersey Division of Investment ("DOI") to invest in Owl Rock Capital Corporation ("Owl Rock"). *See Blueprint Cap. Advisors*, 2025 WL 1766120, at *1. In Requests Nos. 9, 10, and 12, Plaintiff sought documents from 2010 to 2015, originating prior to Owl Rock's existence, which Judge Hammer found irrelevant. *Id.* at *5. Consequently, Judge Hammer limited Requests 9, 10, and 12 to documents and communications from 2015 to the present. *Id*. In Request No. 16, Plaintiff sought documents from 2016 to 2020 concerning a co-investment vehicle used by Defendants to direct DOI's investments into Owl Rock's funds. *Id.* at *2–3. Judge Hammer denied Request 16 in its entirety, finding that there was no demonstrated factual basis that would establish a connection to Plaintiff's claims. *Id.* at *4–5.

## II.    LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). The Court will reverse a magistrate judge's decision on a non-dispositive matter only if it is "clearly erroneous or contrary to law." *Id*.; Rule 72(a); L. Civ. R. 72.1(c)(1)(A). Findings of fact are clearly erroneous only where the

---

[4] Judge Hammer's June 2025 Opinion provides a thorough recitation of the background and the parties' arguments on the underlying motion to compel. *See Blueprint Cap. Advisors*, 2025 WL 1766120, at *1–3.

reviewing court is left with a "definite and firm conviction" that a mistake has been made. *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997). Legal conclusions are contrary to law only when "the magistrate judge has misinterpreted or misapplied the applicable law." *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 236 (D.N.J. 2022) (quoting *Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015)).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018). *See also Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (citations omitted) (analyzing magistrate judges' "discovery orders for abuse of discretion."); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."). Abuse of discretion arises "when the judicial action is arbitrary, fanciful[,] or unreasonable," meaning "no reasonable [person] would take the view adopted by the trial court." *Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976). If reasonable people "could differ as to the propriety of the action," that action is not an abuse of discretion. *Id.* Further, an abuse of discretion occurs when a "material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Sabinsa Corp. v. HerbaKraft, Inc.*, No. 14-4738, 2020 WL 1503061, at *5 (D.N.J. Mar. 30, 2020) (citing *V. Mane Fils S.A. v. Int'l Flavors & Fragrances Inc.*, No. 06-2304, 2008 WL 4606313, at *3 (D.N.J. Oct. 16, 2008)).

### III.    DISCUSSION

As a preliminary matter, the Court reviews Judge Hammer's decision for abuse of discretion because Plaintiff's appeal seeks review of a discovery ruling, a matter within the exclusive authority of the Magistrate Judge. *Experian Info. Sols.*, 2018 WL 3993449, at \*3. And the Court notes, at the outset, that Plaintiff's motion to compel and the underlying subpoena sought discovery from two non-party individuals. The "standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990).

Plaintiff's subpoena, which is the subject of its motion to compel, sought: (1) 2016–2020 documents concerning a co-investment vehicle used by Defendants to direct the DOI's investments into Owl Rock's funds (Request 16); and (2) pre-2015 documents to establish an "associated-in-fact Enterprise" and Owl Rock's role in its alleged illegal scheme. *See Blueprint Cap. Advisors*, 2025 WL 1766120, at \*2–3. In its appeal, Plaintiff argues that Judge Hammer misconstrued Rule 26 (Pl.'s Appeal at 20–24), or, in the alternative, that the discovery requests are reasonable and sufficiently related to Plaintiff's claims (*Id.* at 24–29). Additionally, Plaintiffs argue that Judge Hammer's finding that the discovery requests are unduly burdensome is contrary to the law. (*Id.* at 29–32.) The Court addresses each argument in turn.

### A.  Judge Hammer did not Abuse his Discretion in Denying Request No. 16

Request No. 16 sought information from the Non-Parties about a co-investment vehicle that Plaintiff claims Defendants and DOI used to circumvent regulatory limitations around working with and investing in Owl Rock. (Pl.'s Appeal at 28.) Plaintiff argues that the DOI's willingness to work around regulatory limitations for Owl Rock, but not Plaintiff, demonstrates the DOI's "pretextual imposition." (*Id.*) Thus, information concerning this purported co-

investment vehicle could, in Plaintiff's telling, establish Owl Rock's "motive to obtain . . . quid pro investments from the DOI and BlackRock." (*Id.* at 3–4.)

After reviewing the Amended Complaint, including portions that Plaintiff pointed to in support, Judge Hammer found that this theory of liability appears nowhere in the pleading. *See Blueprint Cap. Advisors*, 2025 WL 1766120, at *4. Specifically, Judge Hammer concluded that the Amended Complaint fails to mention Owl Rock, either of the Non-Parties, or Owl Rock's co-investment vehicle, thereby lacking a clear, or clearly plead, connection between the co-investment vehicle and Plaintiff's Amended Complaint. *Id. See also Micro Motion v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (explaining that discovery is "designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim."); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008) ("The purpose of discovery is to uncover evidence of the facts pleaded in the Complaint, not 'to find a cause of action.'" (quoting *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006))). This standard prevents parties from using overbroad discovery requests, based only on suspicion or speculation, to "go fishing" for claims or defenses. *See Korotki v. Cooper Levenson, April, Niedlman & Wagenheim, P.A.*, No. 20-11050, 2022 WL 2191519, at *5–7 (D.N.J. June 17, 2022); *Hashem v. Hunterdon County*, No. 15-8585, 2017 WL 2215122, at *3 (D.N.J. May 18, 2017).

Judge Hammer appropriately relied upon and applied the precedent discussed above. *See Blueprint Cap. Advisors*, 2025 WL 1766120, at *4–5. The Amended Complaint's lack of factual allegations to support the investment theory is plainly not "enough to raise a right to relief above the speculative level on the assumption that all of the Complaint's allegations are true." *See Smith*, 2008 WL 2885887 at *5. Moreover, allowing discovery in this circumstance would defeat its very

5

purpose: "to uncover evidence of the facts pleaded in the Complaint . . . not 'to find a cause of action.'" *See id.* (quoting *Ranke*, 436 F.3d at 204).

In a further attempt to establish the required connection between the co-investment vehicle and the Amended Complaint, Plaintiff provided two email threads it claims show the Non-Parties' involvement with the direction and execution of a RICO enterprise.[5] Judge Hammer reviewed the exhibits and determined that they merely explained the legal and logistical framework required for the DOI to work with Owl Rock and BlackRock. *See Blueprint Cap. Advisors*, 2025 WL 1766120, at *4. Accordingly, Judge Hammer found "compelling the Non-Parties to produce the documents requested in Request No. 16 would be permitting an inquiry without a factual basis or an explained connection to Plaintiff's claims." *Id.* Judge Hammer further stated,

> The speculative nature of [Plaintiff's] request not only fails to satisfy the relevance requirement under Rule 26, but it also renders it unduly burdensome to require the Non-Parties to produce, for a four-year period, electronically stored information from their personal devices. *See* Fed. R. Civ. P. 26(b)(1).

*Id.* at *5.

Nevertheless, Plaintiff contends this was a legal error and submits that the Court has previously permitted discovery requests similar to Request 16. (Pl.'s Appeal at 22–23.) Plaintiff cites to *New Jersey Department of Environmental Protection v. E.I. DuPont De Nemours & Co.*, No. 19-14758, 2024 WL 5252422 (D.N.J. Dec. 31, 2024). (*Id.* at 23.)

Plaintiff's reliance on *E.I. DuPont*, however, is misplaced. There, the plaintiff alleged that an environmental cleanup site was contaminated with PFAS. *E.I. DuPont*, 2024 WL 5252422, at *1. The complaint identified four kinds of PFAS at the site. However, in discovery, the plaintiff moved to compel the defendant to identify all PFAS at the site—not just the four in the complaint.

---

[5] (*See* Pl.'s Letter Br. at 6-7, ECF No. 21.)

*Id.* at \*2. The defendant argued that allowing discovery into *all* PFAS—as opposed to the four mentioned in the complaint—would transform discovery into a vehicle to allow the plaintiff to state new claims. *Id.* at \*3. The Court rejected the defendant's assertion because the complaint alleged that the site was contaminated with PFAS broadly, which the defendant conceded at oral argument. Simply put, in that case, the plaintiff sought information regarding a theory alleged in the complaint. Here, by contrast, Plaintiff sought information unrelated to any theory alleged in the Amended Complaint.

**B. Judge Hammer did not Abuse his Discretion in Limiting Requests Nos. 9, 10, and 12 to post-2015 documents.**

Requests Nos. 9, 10, and 12 sought documents and communications from the Non-Parties concerning Timothy Walsh's: (1) prior employment at the DOI and investment deals related to Blackstone, GSO Capital Partners, and/or BlackRock; (2) relationships, meetings, and communications with the DOI and SIC, including with the State Defendants, and any expenses reimbursed to Mr. Walsh by the Non-Parties or Owl Rock for such meetings; and (3) relationships, meetings, and/or communications with BlackRock, including but not limited to Donald Perault, Rob Kapito, Obie McKenzie, Abigail Geller, and Ed Rzeszowki. *Blueprint Cap. Advisors*, 2025 WL 1766120, at \*5. The Non-Parties argued that the scope of these requests was unduly burdensome because Plaintiff sought documents and communications from before Owl Rock existed—2010 to 2015. *Id.*[6] Judge Hammer found no valid basis "for subjecting the Non-Parties

---

[6] Judge Hammer noted that,

> The Non-Parties agreed to produce documents per discovery parameters "already agreed to by [Plaintiff]." [Plaintiff] insists that the Non-Parties must submit documents related to issues that were "never mentioned in the Amended Complaint or in any brief." Additionally, the requested documents cover a period that exceeds the previously agreed-upon timeframe during party discovery, and [Plaintiff] issued the subpoenas close to two months after the Court-imposed deadline for discovery disputes.

*Id.* (citations omitted).

7

to such an overly burdensome document production" or to expand the scope of discovery "to encompass a significantly broader timeframe, including years preceding the very existence of Owl Rock." *Id.* Judge Hammer also noted that Plaintiff's requests "seemingly intend[ed] to generate new allegations without sufficient factual support." *Id.*

Judge Hammer, therefore, determined that

> [Plaintiff] has failed to . . . demonstrate the need for pre-2015 documents and communications. And even assuming the documents existed, it is reasonable to conclude that [Plaintiff] could have requested them from Defendants. There are no documents before the Court that demonstrate the disputed time periods would help solidify [Plaintiff's] claims. At this juncture, the Court concludes that documents that predate Owl Rock's existence are irrelevant and unduly burdensome as subpoenaed from a non-party, and should not be produced. Therefore, as to Requests No. 9, 10, and 12, the requests are limited to documents and communications from 2015 to present.

*Id.*

Having reviewed the record, the Court concludes that Judge Hammer did not abuse his discretion. Judge Hammer carefully considered the factors to determine the relevance of a subpoena, as articulated in *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011). *Id.* at *3. Judge Hammer also correctly noted that the party issuing the subpoena has the burden of showing that the documents sought are relevant to a claim or defense. *Id.* After weighing the *Lazaridis* factors, Judge Hammer reasonably found that Plaintiff did not sufficiently explain why documents predating Owl Rock's existence were relevant to prove Owl Rock's role in an unlawful scheme. And, because Plaintiff sought those documents from nonparties, Judge Hammer appropriately determined that Plaintiff had not made the required "stronger showing of relevance." *Stamy*, 138 F.R.D. at 419. Judge Hammer also found that, even if Plaintiff had established the relevance of the subpoenas, requiring nonparties to produce years of documents and communications from well before the alleged conduct would be unduly burdensome.

8

In sum, Judge Hammer did not abuse his discretion in denying Request No. 16 or limiting Request Nos. 9, 10, and 12. His decision was not "arbitrary, fanciful[,] [n]or unreasonable." *See Lindy Bros. Builders,* 540 F.2d at 115. Nor did Judge Hammer fail to consider a "material factor deserving significant weight," rely on an "improper factor," or make a "serious mistake" in weighing the factors. *Sabinsa Corp.,* 2020 WL 1503061, at \*5. Accordingly, the Court affirms Judge Hammer's June 26, 2025 Opinion and Order.

IV.    **CONCLUSION**

For the reasons set forth above,

**IT IS** on this 26th day of March 2026,

**ORDERED** that Plaintiff's appeal (ECF No. 28) is **DENIED**, and Judge Hammer's June 26, 2025 Opinion and Order (ECF Nos. 26, 27) are **AFFIRMED**.

JULIEN XAVIER NEALS
United States District Judge